## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## HARRISONBURG DIVISION

|  |  |  |
|---|---|---|
| **CAROLYN OLECH,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No. 5:25-CV-00152** |
| | ) | |
| **v.** | ) | |
| | ) | **DEFENDANT'S REPLY** |
| **MICHAEL STAPLETON ASSOCIATES, LTD.,** | ) | **IN SUPPORT OF ITS** |
| **d/b/a MSA SECURITY, INC.** | ) | **MOTION TO DISMISS** |
| | ) | **THE COMPLAINT OR, IN THE** |
| **Defendant.** | ) | **ALTERNATIVE, MOTION TO** |
| | ) | **STRIKE PORTIONS OF THE** |
| | ) | **COMPLAINT** |

Respectfully submitted,

Date: April 14, 2026

*/s/ Daniel S. Ward*

_____

Daniel S. Ward (VSB 45978)
Ryan C. Berry (VSB 67956)
Chelsea A. Cruz (VSB 96177)
WARD & BERRY, PLLC
1751 Pinnacle Drive, Suite 900
Tysons, VA 22102
(202) 331-8160
(202) 505-7100 Fax
dan@wardberry.com
ryan@wardberry.com
chelsea@wardberry.com

*Attorneys for Defendant Michael Stapleton
Associates, Ltd., d/b/a MSA Security, Inc.*

**TABLE OF CONTENTS**

I.   PRELIMINARY STATEMENT ..................................................................................1

II.  ARGUMENT          ...................................................................................................1

    a.   The Admissions In The Complaint Defeat The Claim ..............................................1

    b.   The Complaint Fails to Plausibly Allege Contributing-Factor Causation...............2

    c.   *De Novo* Review Does Not Erase OIG's Findings ....................................................4

    d.   State Agency Disclosures Are Not Protected Under § 4712 ...................................5

    e.   Plaintiff's Complaint Exceeds Exhaustion ..............................................................5

    f.   Many Of The Remedies In The Complaint Exceed § 4712's Scope .......................6

III. CONCLUSION          ..........................................................................................................7

i

# TABLE OF AUTHORITIES

**Cases**                                                                                                  **Page**

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009)......................................................................................................1, 3

*Bell Atl. Corp. v. Twombly,*
    550 U.S. 544 (2007)......................................................................................................1, 3

*Barbour v. Garland,*
    105 F.4th 579 (4th Cir. 2024) ...........................................................................................2

*Chacko v. Patuxent Inst.,*
    429 F.3d 505 (4th Cir. 2005) ............................................................................................6

*Feldman v. Law Enf't Assocs. Grp.,*
    752 F.3d 339 (4th Cir. 2014) ............................................................................................3

*Finley v. Kraft Heinz Inc.,*
    146 F.4th 382 (4th Cir. 2025) ...........................................................................................3

*Hall v. McCoy,*
    89 F. Supp. 2d 742 (W.D. Va. 2000) ................................................................................5

*Kappouta v. Valiant Integrated Servs., LLC,*
    No. 20-cv-1501, 2021 WL 4806437 (S.D. Cal. Oct. 14, 2021)...........................................4

*Nahum v. Boeing Co.,*
    No. 2:19-cv-1114-BJR, 2019 WL 6878242 (W.D. Wash. Dec 17, 2019)..........................6

*Ostrer v. Luther,*
    668 F. Supp. 724 (D. Conn. 1987).....................................................................................4

*Sydnor v. Fairfax Cnty.,*
    681 F.3d 591 (4th Cir. 2012) .............................................................................................5

*Willis v Okla. Cnty. Det. Ctr.,*
    No. 18-CV-00323-D, 2019 WL 4409219 (W.D. Okla. Sept. 13, 2019).............................3

## Statutes and Rules

41 U.S.C. § 4712    ..................................................................................................2, 4, 5, 6

Fed. R. Civ. P. 12    ...........................................................................................................1

Defendant Michael Stapleton Associates, Ltd., d/b/a MSA Security, Inc. ("MSA"), through counsel, respectfully submits this reply in support of its Motion to Dismiss the Complaint, pursuant to Fed. R. Civ. P. 12(b)(6) or, in the alternative, a Motion to Strike portions of the Complaint under Fed. R. Civ. P. 12(f).

## I.    PRELIMINARY STATEMENT

Plaintiff's opposition rests on three fundamental mischaracterizations of MSA's Motion (ECF 4, 5). First, Plaintiff accuses MSA of improperly "conflating" burdens when, in fact, MSA argues that the Complaint's own admissions defeat the claim at the pleading stage. ECF 9 at 3. Second, Plaintiff contends MSA seeks "but-for" causation when MSA argues the Complaint fails to plausibly allege any causal connection under *Iqbal* and *Twombly*. ECF 9 at 3–4; ECF 5 at 5; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Third, Plaintiff claims MSA treats OIG findings as "dispositive" when MSA properly cites them as relevant evidence undermining plausibility. ECF 9 at 4.

None of these mischaracterizations can obscure the central problem with Plaintiff's claim: she admitted emailing U.S. Department of State ("DoS") documents to her personal email address in violation of MSA's Code of Conduct and Confidentiality Agreement—conduct wholly unrelated to any protected whistleblowing. ECF 1 at 23; ECF 5 at 5–6.

## II.    ARGUMENT

### a.    <u>The Admissions In The Complaint Defeat The Claim.</u>

Plaintiff argues that MSA's proffered non-retaliatory reason cannot defeat her claim at the pleading stage because the "same-action" defense is the employer's burden to prove after the plaintiff establishes a prima facie case. ECF 9 at 11. This misses the point. MSA does not ask the Court to find the same-action defense *proven*. Rather, when a complaint itself admits conduct

supplying an independent, legitimate basis for termination, the complaint fails to plausibly allege contributing-factor causation in the first instance. ECF 5 at 5–6; *Barbour v. Garland*, 105 F.4th 579, 599 (4th Cir. 2024) (stating a complaint can be dismissed if "the employer's explanation 'is so obviously an irrefutably sound and unambiguously nondiscriminatory and non-pretextual explanation that it renders [the plaintiff's] claim of pretext implausible'").

Plaintiff does not dispute this critical admission. On or about July 8, 2022, Plaintiff admitted that she emailed DoS documents—including canine records and incident reports—to her personal email address. ECF 1 ¶ 23; ECF 9 at 6. MSA terminated her eleven days later, citing her violations of the Code of Conduct and Confidentiality Agreement. ECF 1 ¶ 25; ECF 5 at 2. This sequence—investigation, admission, termination—reflects an employer acting on policy violations, not retaliation.

Plaintiff's argument that the documents she emailed were "the very documents [she] had relied upon in making her protected disclosures" is irrelevant. ECF 9 at 12. Even if true, that does not immunize her admitted unauthorized transmission of government property. The DoS Contract makes clear that these records are government property subject to strict confidentiality obligations. ECF 5 at 2. Section 4712 protects disclosures to authorized recipients—not violations of document-handling policies.

### b.  <u>The Complaint Fails To Plausibly Allege Contributing-Factor Causation.</u>

Plaintiff contends the Complaint plausibly alleges causation through temporal proximity, employer knowledge, and the lenient contributing-factor standard. ECF 9 at 13–14. It does not.

First, the timeline supports investigation, not retaliation. Plaintiff presents the sequence as "disclosure to adverse action" (ECF 9 at 14), but the timeline tells a different story: (1) On **February 7, 2022**, MSA receives a letter from the Department of Health Professions ("DHP")

2

attaching Encounter Notes drafted by Olech; (2) Shortly thereafter, MSA investigates how DHP obtained sensitive government documents; (3) MSA places Olech on administrative leave on **February 24, 2022** while it conducts its investigation; (4) On **July 8, 2022**, Olech admits improper document transmission in violation of her confidentiality agreement; (5) MSA terminated Olech on **July 19, 2022**. ECF 1 ¶¶ 21–25; ECF 5 at 1–2. Everything here corresponds with common practice in an investigation of this type, not retaliation.

Second, Plaintiff's multi-year timeline lacks the requisite temporal proximity. The Complaint aggregates alleged protected activity spanning 2016 to 2022—seven years—without matching particular disclosures to particular adverse actions. ECF 5 at 7–8; ECF 1 ¶¶ 27–60. Even under the contributing-factor standard, conclusory allegations untethered to specific decision-makers and temporal links fail to state a claim. *See, e.g.*, *Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *Willis v. Okla. Cnty. Det. Ctr.*, No. 18-CV-00323-D, 2019 WL 4409219, at *6 (W.D. Okla. Sept. 13, 2019) (finding that conclusory allegations that are "too general" and void of underlying facts are insufficient to support a valid claim because there is no "causal connection").

Third, Plaintiff fails to identify knowledge by the decision-maker. The Complaint does not identify who at MSA with termination authority knew of Plaintiff's protected disclosures before making the decision to terminate her. ECF 5 at 6–7. Conclusory assertions of "actual and constructive knowledge" without supporting facts are insufficient under *Iqbal* and *Twombly*. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 570.

Fourth, *Finley v. Kraft Heinz Inc.* is distinguishable. *Cf.* ECF 9 at 14. The *Finley* Court noted that in *Feldman v. Law Enf't Assocs. Grp.*, 752 F.3d 339, 349 (4th Cir. 2014), causation was severed due to a temporal gap and an intervening event. *Id.* at 391. Here, MSA has both: a multi-

3

month gap from any alleged disclosure to termination <u>and</u> Olech's admission of document-handling violations (an intervening event). ECF 1 ¶¶ 23, 27.

### c. *De Novo* Review Does Not Erase OIG's Findings.

Plaintiff argues that § 4712(c)(2) mandates *de novo* review and that MSA cannot use the OIG report as a "shortcut to dismissal." ECF 9 at 9, 15–16. This mischaracterizes MSA's position. MSA does not claim the OIG findings are dispositive. Rather, MSA cites the OIG's findings as relevant evidence that the Complaint fails to plausibly allege retaliation – where both the OIG and DoS concluded, after investigation, that MSA had legitimate grounds for terminating Olech. ECF 1 ¶¶ 5–6; ECF 5 at 3.

*De novo* review does not mean the OIG's findings vanish. The OIG's findings are part of the factual context the court may consider in assessing plausibility. *Kappouta v. Valiant Integrated Servs.*, LLC, No. 20-cv-1501, 2021 WL 4806437, at *4 (S.D. Cal. Oct. 14, 2021) (incorporating DoD OIG report by reference for purposes of a motion to dismiss). The Complaint includes the OIG's finding that "MSA provided clear and convincing evidence that it would have taken the same action" regardless of any protected disclosures. ECF 1 ¶ 5. Plaintiff cannot ask the Court to accept one-half of the OIG's findings while ignoring the other.

Further, Plaintiff's inflammatory allegations that DoS officials were biased and that the administrative process involved "conflicts of interest" are scandalous and immaterial to MSA's liability. ECF 1 ¶ 6; ECF 5 at 11–12. These unsupported attacks on agency officials should be stricken. *Ostrer v. Luther*, 668 F. Supp 724, 733–34 (D. Conn. 1987). Plaintiff does not dispute that these scandalous and immaterial allegations should be stricken in her opposition.

4

### d.  **State Agency Disclosures Are Not Protected Under § 4712.**

Plaintiff argues that her references to disclosures to state agencies (Virginia DHP, Virginia Board of Veterinary Medicine) provide "context" for her exhausted claim. ECF 9 at 17–18. But state agencies are excluded from § 4712(a)(2)'s definition of covered "persons and bodies." 41 U.S.C. § 4712(a)(2); ECF 5 at 12–13. This is a question of statutory construction, not a "granular factual matter" inappropriate for resolution on a motion to dismiss. *Cf.* ECF 9 at 17; *see Hall v. McCoy*, 89 F.Supp.2d 742, 744–45 (W.D. Va. 2000) (statutory construction analysis "properly begins with the plain meaning of the statutory language; if the plain meaning is unambiguous, the court's task is finished, and the statute must be applied according to its plain meaning").

Plaintiff alleges disclosures to "supervisors and other management officials at MSA" without identifying who these individuals were or whether they had the "responsibility to investigate, discover, or address misconduct" as § 4712(a)(2)(G) requires. ECF 1 ¶ 67; ECF 5 at 12. This is not harmless imprecision—it is a failure to plead a necessary element.

### e.  **Plaintiff's Complaint Exceeds Exhaustion.**

Plaintiff argues that the Complaint's additional allegations are "reasonably related" to her OIG complaint under *Sydnor v. Fairfax Cnty.*, 681 F.3d 591, 594–95 (4th Cir. 2012). ECF 9 at 18–19. But the OIG investigated a narrow claim: retaliation "for reporting to MSA management and others that a Veterinary Technician (Vet Tech) employed by MSA was routinely tardy or absent from work and that on several occasions smelled of alcohol and appeared to be inebriated." ECF 5 at 14. That is the entirety of her exhausted claim.

Plaintiff's Complaint introduces materially different allegations: disclosures regarding tranquilizers administered by unidentified MSA employees (ECF 1 ¶ 20); vague assertions of "misconduct" throughout her employment (*id.* ¶¶ 26–27); participation in other OIG investigations

5

unrelated to her own (*id.* ¶¶ 40, 44, 61); discussions with the Virginia Board of Veterinary Medicine about a canine death (*id.* ¶ 61); and assertions of a "pattern" of suppressing canine safety concerns (*id.* ¶ 61). ECF 5 at 16. None of these scattershot allegations were presented to the OIG, nor are they "reasonably related" to Olech's narrow claim to the OIG.

In *Chacko v. Patuxent Inst.*, the Fourth Circuit held that administrative exhaustion is not satisfied when a federal complaint "reference[s] different time frames, actors, and discriminatory conduct than the central factual allegations in his formal suit." 429 F.3d 505, 506 (4th Cir. 2005). Plaintiff's new allegations involve different actors (unidentified MSA employees), different conduct (tranquilizers, patterns of suppression), and different disclosures (to unauthorized state agencies, regarding other matters). ECF 5 at 15–16. These allegations must be stricken.

Similarly, Plaintiff's Complaint alleges numerous "adverse actions" beyond administrative leave and termination—the only adverse actions presented to the OIG. ECF 5 at 16–17. These additional allegations in Paragraphs 47–56 and 60 must be stricken as unexhausted.

### f.    **Many Of The Remedies Requested In The Complaint Exceed § 4712's Scope.**

Plaintiff argues that remedy disputes should be addressed at a later stage, citing *Nahum v. Boeing Co.*, No. 2:19-cv-1114-BJR, 2019 WL 6878242, at *5 (W.D. Wash. Dec. 17, 2019). ECF 9 at 21. MSA agrees that remedy disputes alone do not require dismissal of the entire action—but they do require striking impermissible demands. Indeed, *Nahum* itself held that "[w]hen faced with impermissible demands for relief, the Court will strike them." *Nahum*, 2019 WL 6878242, at *5.

Section 4712 authorizes: abatement of reprisal; reinstatement with compensatory damages, back pay, and benefits; and attorneys' fees and costs. 41 U.S.C. § 4712(c)(1). Section 4712 does not authorize the following demands and thus should be stricken:

- Five years' front pay as of right. ECF 5 at 10; ECF 1 at 14, Part X(a).

6

• Injunction to "remediate hostile work environment, harassment, and intimidation . . . ." ECF 5 at 10; ECF 1 at 15, Part X(b).

• Damages for "injury to career" and "professional reputation." ECF 5 at 11; ECF 1 at 15, Part X(d).

• Damages for "mental and emotional distress." ECF 5 at 11; ECF 1 at 15, Part X(e).

• Expungement of personnel records, posting of notice, and neutral employment reference. ECF 5 at 11; ECF 1 at Part X(f).

### III.   CONCLUSION

MSA respectfully requests that the Court grant its Motion to Dismiss. In the alternative, MSA requests that the Court strike the unexhausted allegations and unavailable remedy demands.

Respectfully submitted,

Date: April 14, 2026

*/s/ Daniel S. Ward*

_____

Daniel S. Ward (VSB 45978)
Ryan C. Berry (VSB 67956)
Chelsea A. Cruz (VSB 96177)
WARD & BERRY, PLLC
1751 Pinnacle Drive, Suite 900
Tysons, VA 22102
(202) 331-8160
(202) 505-7100 Fax
dan@wardberry.com
ryan@wardberry.com
chelsea@wardberry.com

*Attorneys for Defendant Michael Stapleton Associates, Ltd., d/b/a MSA Security, Inc.*

### CERTIFICATE OF SERVICE

I hereby certify that on April 14, 2026, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Western District of Virginia by using the

7

CM/ECF system. I certify that the following participants in the case are registered CM/ECF

users and that service will be accomplished by the CM/ECF system.


Joshua Erlich (VA Bar No. 81298)
The Erlich Law Office, PLLC
1550 Wilson Blvd., Ste. 700
Arlington, VA22209
jerlich@erlichlawoffice.com

Stephani L. Ayers (*pro hac* admission pending)
Government Accountability Project
POB 1061
Medford, OR 97501
stephani@whistleblower.org

*Attorneys for Plaintiff*


/s/ *Daniel S. Ward*

Daniel S. Ward


8