**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF VIRGINIA**
**HARRISONBURG DIVISION**

| | |
|---|---|
| CAROLYN OLECH, | |
| *Plaintiff,* | |
| v. | Case No. 5:25-cv-00152 |
| MICHAEL STAPLETON ASSOCIATES, LTD. d.b.a. MSA SECURITY, INC., | |
| *Defendant.* | |

## JOINT RULE 26(f) REPORT AND DISCOVERY PLAN

1. Pursuant to Fed. R. Civ. P. 26(f), a telephonic meeting was held on April 24, 2026, and was attended by:

   a. Counsel for Plaintiff, Garrett Lancaster

      • Stephani L. Ayers, Director of Litigation, Government Accountability Project

      • Marianne Fichtel, Staff Attorney, Government Accountability Project

      • Kristin Berg, Paralegal, Government Accountability Project

   b. Counsel for Defendant, Michael Stapleton Associates, Ltd. d/b/a MSA Security, Inc. ("MSA")

      • Daniel Ward, Ward & Berry, PLLC

      • Paxton Oullete, Attorney, Ward & Berry, PLLC

2. **Pre-Discovery Disclosures**. The parties will exchange by May 15, 2026, the information required by Fed. R. Civ. P. 26(a)(1).

3. **Discovery Plan**. The parties jointly propose to the court the following discovery plan:

   a. Discovery will be needed on the following subjects: The claims and defenses of the

1

parties.

b. Disclosure or discovery of electronically stored information should be handled as follows: The parties will disclose and produce electronically stored information in accordance with the Federal Rules of Civil Procedure. Production of electronically stored documents shall be produced as they are stored (*i.e.*, if documents are stored in .pdf format, they must be produced in .pdf format; if they are stored as .pst files, they must be produced as .pst files), or in a manner most suitable to production (and as agreed upon by the parties). The parties will work together to coordinate production of large electronic files as needs arise, in the matter most suitable to the production. To the extent that a dispute arises with respect to the costs associated with the production of electronically stored information, the parties will attempt to resolve any such disputes without court intervention.

c. The parties are working to agree to an order regarding claims of privilege or of protection as to trial preparation material asserted after production, as follows: The parties will either submit a joint stipulated protective order, or Defendant will submit its proposal and Plaintiff will submit his response.

d. Schedule and Parameters for Discovery*: The Parties request the following minor modifactions to the Scheduling Order (ECF 12):

| Description | Dates per the Scheduling Order |
| --- | --- |
| Rule 26(a)(1) Initial Disclosures | May 15, 2026 |
| Plaintiff's Initial Expert Disclosure | July 7, 2026 |
| Defendant's Initial Expert Disclosure | August 7, 2026 |
| Midstream Status Report | August 13, 2026 |
| Deadline to Complete Discovery | November 11, 2026 |

| Status Conference | November 18, 2026 |
|---|---|
| Deadline to File Dispositive Motions | January 11, 2027 |

*This schedule supposes that the DOS involvement in conducting a Touhy review does not delay advancement of the schedule. The *Touhy* process has caused some significant delays in companion litigation *Iovino v. MSA* and *Lancaster v. MSA,* so Plaintiff wanted to alert the court to that issue.

e.  The parties discussed the potential involvement of the Department of State in this matter and how its involvement may impact deadlines for discovery and/or the trial date. The above schedule anticipates complete cooperation by parties in submitting, and DoS in reviewing, the materials subject for *Touhy* for production.

f.  The parties suggest the following parameters for discovery:

- Interrogatories: A maximum of 25, including parts and subparts, as provided by FRCP 33(a)(1)

- Requests for production:

  Plaintiff requests: The parties follow FRCP 34.

  Defendant requests: A maximum of 30, including parts and subparts

- Requests for admission: A maximum of 30 including parts and subparts, other than requests for admission directed solely towards the authentication of documents.

- Depositions:

  Plaintiff requests: The parties follow FRCP 30 limits to take 10 depositions each, unless a party develops and demonstrates need/cause for more to the Court in accordance with the Rules.

  Defendant requests: The parties be limited to 5 non-expert depositions each, unless

3

a party applies for and is granted exception from Court.

The duration of each will be limited to the time specified in Rule 30(d)(1), absent further order from the Court.  Zoom depositions can be a utilized option, if agreed to by both parties.

Respectfully Submitted this 29th day of April 2026:

/s/ Joshua Ehrlich

Joshua Erlich
The Erlich Law Office
1550 Wilson Blvd #700
Arlington, VA 22209
(703) 791-9087
jerlich@erlichlawoffice.com

Stephani L. Ayers, *Admitted Pro Hac Vice*
Government Accountability Project
1612 K Street, N.W.
Suite 1100
Washington, D.C. 20006
(813) 382-7865
stephania@whistleblower.org

*Attorneys for Plaintiff Lancaster*

/s/ Daniel Ward

Daniel S. Ward (VSB 45978)
Ryan C. Berry (VSB 67956)
Paxton Ouelette (VSB 101680)
Ward & Berry, PLLC
1751 Pinnacle Drive, Suite 900
Tysons, VA 22102
(202) 331-8160
(202) 505-7100 Fax
dan@wardberry.com
ryan@wardberry.com
POuellette@wardberry.com

*Attorneys for Defendant Michael Stapleton
Associates, Ltd. d/b/a MSA Security, Inc.*

4