**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**HARRISONBURG DIVISION**

| | | |
|---|---|---|
| **CAROLYN OLECH,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No. 5:25-CV-00152** |
| | ) | |
| **v.** | ) | |
| | ) | **CONSENT MOTION FOR** |
| **MICHAEL STAPLETON ASSOCIATES, LTD.,** | ) | **A 14-DAY EXTENSION OF** |
| **d/b/a MSA SECURITY, INC.** | ) | **THE DEADLINE FOR** |
| | ) | **DEFENDANT'S RULE 26(a)(2)** |
| **Defendant.** | ) | **INITIAL EXPERT** |
| | ) | **DISCLOSURES AND REPORTS** |

Defendant Michael Stapleton Associates, LTD., d/b/a MSA Security, Inc. ("MSA"), by counsel, respectfully moves this Court, pursuant to Federal Rule of Civil Procedure 6(b), for a fourteen (14)-day extension of the deadline for MSA's Rule 26(a)(2) initial expert disclosures and retained expert reports set forth in the Court's Scheduling Order [ECF No. 12]. Counsel for Plaintiff Carolyn Olech has been consulted and consents to the relief requested herein. In support of this motion, MSA states as follows:

1. On April 15, 2026, the Court entered a Scheduling Order setting Defendant's Rule 26(a)(2) expert disclosure deadline for August 7, 2026. ECF No. 12 at 1. After the Court extended Plaintiff's expert disclosure deadline by 30 days, Defendant's corresponding expert disclosure deadline was extended to September 4, 2026. ECF No. 24 at 1. Because this Motion is filed before that operative deadline, Defendant's request for an extension is timely under Federal Rule of Civil Procedure 6(b)(1)(A).

2. On August 28, 2026, MSA asked Plaintiff's counsel whether Plaintiff would consent to a 14-day extension of MSA's deadline to serve its initial expert disclosures. Plaintiff's counsel consented to the request.

3. Good cause exists for the requested extension due to scheduling difficulties in coordinating Defendant's examination of Plaintiff. The parties have been working to schedule the examination, but have been unable to identify a mutually workable time for the examination to proceed. Additional time is therefore necessary to complete the examination and permit Defendant's expert sufficient time to prepare the required report. The requested extension is modest and unopposed.

4. Further, the requested extension will not affect any other deadline in the Scheduling Order or otherwise disrupt the schedule in this matter. No trial date has been set in this matter, and the requested extension will not affect the discovery cutoff, the dispositive motions deadline, or any other date set by the Court.

## CONCLUSION

For the foregoing reasons, and with the consent of Plaintiff, Defendant respectfully requests that the Court extend the deadline for Defendant's Rule 26(a)(2) initial expert disclosures and retained expert reports by fourteen (14) days, from September 4, 2026, through September 18, 2026.

Respectfully submitted,

/s/ Paxton R. L. Ouellette
Daniel S. Ward (VSB 45978)
Ryan C. Berry (VSB 67956)
Paxton R. L. Ouellette (101680)
WARD & BERRY, PLLC
1751 Pinnacle Drive, Suite 900
Tysons, VA 22102
(202) 331-8160
(202) 505-7100 Fax
dan@wardberry.com
ryan@wardberry.com
pouellette@wardberry.com

*Attorneys for Defendant Michael Stapleton Associates, Ltd., d/b/a MSA Security, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on this September 1, 2026, a true and correct copy of the foregoing Defendant's Consent Motion for an Extension of the Deadline for Defendant's Rule 26(a)(2) Initial Expert Disclosures and Reports was served on all counsel of record via the Court's CM/ECF electronic filing system.

/s/ Paxton R. L. Ouellette
Paxton R. L. Ouellette (101680)
WARD & BERRY, PLLC
1751 Pinnacle Drive, Suite 900
Tysons, VA 22102
(202) 331-8160
(202) 505-7100 Fax
pouellette@wardberry.com
*Attorney for Defendant Michael Stapleton Associates, Ltd., d/b/a MSA Security, Inc.*