# EXHIBIT 3

Outlook

## Follow-Up Regarding September 23 Meet and Confer

**From** Marianne Fichtel <mariannef@whistleblower.org>
**Date** Wed 9/30/2026 4:09 PM
**To** Daniel Ward <dan@wardbradel.com>; Paxton Ouellette <POuellette@wardbradel.com>
**Cc** Stephani Ayers <Stephania@whistleblower.org>; Kristin Berg <kristinb@whistleblower.org>

Dan,

Thanks again to you and Paxton for your time last week. To ensure we have a common understanding of the issues discussed, I wanted to memorialize several points from our conversation.

1. MSA's position regarding discovery is that document production remains contingent upon both (a) completion of the Department of State review process and (b) entry of a protective order.
2. You advised that approximately 1,300 pages have already been submitted to the Department of State (DoS) for review, with additional Clio Pro materials expected to be submitted shortly. You also explained that neither you nor your client presently have meaningful visibility into the timing or status of the DoS review process.
3. In the meantime, you offered to investigate whether Ms. Olech's personnel file was inadvertently routed through the Touhy process and whether it may be removed from DoS review and produced directly. We appreciate your offer and look forward to receiving those materials.
4. We also discussed the distinction between Touhy review and confidentiality concerns. Plaintiff's understanding is that Touhy review addresses **whether documents may be disclosed**, while a protective order addresses the **treatment of documents after disclosure**. To the extent documents are being withheld based on both rationales, clarification regarding the distinct basis for each withholding would assist the parties in assessing production timing and the remaining discovery disputes.
5. We noted MSA's proposal to limit comparator discovery to the 2016-2022 period and to Winchester/CVC-DSTOC operations. We will discuss that proposal internally and follow up regarding our position.
6. Finally, Paxton forwarded the proposed confidentiality order; you asked that we review the terms and respond with a version containing our suggested revisions.

Upon review of the proposed confidentiality order, Plaintiff does not presently agree that such an agreement is warranted. While Plaintiff does not dispute that genuinely confidential information may be entitled to protection in appropriate circumstances, we remain concerned that the proposed order would impose broad restrictions on discovery without identification of specific categories of information requiring such treatment. Plaintiff remains concerned about several provisions of the proposed order, including the definition of confidential information and provisions affecting confidentiality designations and third-party disclosures.

We appreciate your willingness to discuss revisions. However, given the parties' present disagreement regarding the necessity of a blanket protective order and the scope of the proposed restrictions, Plaintiff cannot join a stipulated motion or proposed order at this time. To the extent MSA continues to maintain that production cannot proceed absent entry of a protective order, the parties may ultimately require court resolution of their differing views regarding the necessity and scope of any confidentiality restrictions.

Given MSA's position that production is contingent upon entry of a protective order, Plaintiff would appreciate clarification regarding the confidentiality concerns MSA believes necessitate the order. Specifically:

1. Which categories of documents does MSA contend require protection beyond that ordinarily available under the Federal Rules?
2. Which categories of documents are currently being withheld pending entry of a protective order?
3. Are there categories of documents that have completed, or will complete, Touhy review but will nevertheless not be produced until a protective order is entered?

More broadly, Plaintiff would appreciate clarification regarding which categories of documents MSA believes:

1. Require Department of State review before production;
2. May be produced without State review;
3. Are being withheld pending entry of a protective order; and
4. Are being withheld on both grounds.

To avoid any misunderstanding, Plaintiff's efforts to obtain clarification regarding Touhy review and confidentiality issues should not be construed as agreement that any particular category of documents is properly subject to either process. Plaintiff reserves all objections regarding the necessity and scope of Department of State review, the necessity and scope of any protective order, and the continued withholding of documents on either basis. Plaintiff also reserves all rights arising from any continued delays in production, including delays attributed to Department of State review or protective-order negotiations.

Please let me know if any portion of the foregoing does not accurately reflect your understanding of our discussion.

Regards,
Marianne

**Marianne S. Fichtel | she/her**
*Staff Attorney & Intake Coordinator*

**Government Accountability Project**
1612 K Street NW, Suite 808
Washington, DC 20006
Direct Line: (202) 926-3318
Main Office Number: (202) 457-0034
Email: mariannef@whistleblower.org

CONFIDENTIALITY NOTICE: This e-mail message, including any attachments, is for the sole use of the intended recipient(s) and may contain confidential and privileged information protected by law. Any unauthorized review, use, disclosure or distribution of this communication and any related metadata is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. Thank you.