# EXHIBIT 5

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF VIRGINIA**
**HARRISONBURG DIVISION**

**CAROLYN OLECH, D.V.M.,**

*Plaintiff,*

v.

**MICHAEL STAPLETON ASSOCIATES, LTD. d/b/a MSA SECURITY, INC.,**

*Defendant.*

**Civil Action No. 5:25-cv-00152**

**JURY TRIAL DEMANDED**

**PLAINTIFF DR. CAROLYN OLECH'S FIRST SET OF INTERROGATORIES AND FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS DIRECTED TO DEFENDANT MICHAEL STAPLETON ASSOCIATES, LTD. d/b/a MSA SECURITY, INC.**

TO: Defendant Michael Stapleton Associates, Ltd. d/b/a MSA Security, Inc., by and through its counsel of record.

PLEASE TAKE NOTICE that, pursuant to Rules 26, 33, and 34 of the Federal Rules of Civil Procedure, Plaintiff Dr. Carolyn Olech ("Plaintiff" or "Dr. Olech") hereby requests that Defendant Michael Stapleton Associates, Ltd. d/b/a MSA Security, Inc. ("Defendant" or "MSA") answer the following Interrogatories separately and fully, in writing and under oath, and produce for inspection and copying the documents described in the following Requests for Production, within thirty (30) days of service, at the offices of Plaintiff's counsel or at such other place as counsel may agree.

---

## DEFINITIONS

1. **"MSA," "Defendant," "You,"** or **"Your"** means Michael Stapleton Associates, Ltd. d/b/a MSA Security, Inc., and all of its present and former officers, directors, employees,

agents, attorneys, representatives, and any other person acting or purporting to act on its behalf.

2. **"Plaintiff"** or **"Dr. Olech"** means Dr. Carolyn Olech.

3. **"Complaint"** means the operative complaint filed by Plaintiff in this action.

4. **"Action"** means Case No. 5:25-cv-00152 currently pending before the United States District Court for the Western District of Virginia Harrisonburg Division.

5. **"Protected Disclosure"** means any disclosure of information by Plaintiff that she reasonably believed evidenced gross mismanagement of a federal contract, a gross waste of federal funds, an abuse of authority relating to a federal contract, a substantial and specific danger to public health or safety, or a violation of law, rule, or regulation related to a federal contract, as contemplated by 41 U.S.C. § 4712, including but not limited to her reports concerning Jennifer Houston, canine welfare and canine deaths (including canines "Cezar" and "Mensy"), controlled-substance handling, and her participation in investigations or interviews with the U.S. Department of State Office of Inspector General ("OIG"), the Virginia Department of Health Professions ("DHP"), and the Virginia Board of Veterinary Medicine ("BVM").

6. **"Adverse Action"** means any personnel or employment action taken against Plaintiff, including but not limited to the placement of Plaintiff on paid administrative leave on or about February 24, 2022, and the termination of Plaintiff's employment on or about July 19, 2022.

7. **"The Contract"** means the U.S. Department of State ("DOS") contract under which Plaintiff was assigned, including Contract No. SAQMMA16D0106, and all task orders, modifications, and amendments thereto.

8. **"The Facility"** means the canine services facility operated by MSA in Winchester, Virginia, variously referred to in the record as the Canine Validation Center ("CVC"), the Global Canine Support Center ("GCSC"), and the DSCTOC.

9. **"Document"** is used in its broadest possible sense consistent with Fed. R. Civ. P. 34 and includes all electronically stored information ("ESI"), writings, drawings, graphs, charts, photographs, sound recordings, images, emails, text messages, instant messages, calendar entries, database records, metadata, audit logs, and any other data or data compilations stored in any medium.

10. **"Communication"** means any transmission of information of any kind, whether oral, written, or electronic, including but not limited to letters, emails memoranda, text messages, notes, and records of telephone conversations or meetings.

11. **"Person"** means any natural person, corporation, partnership, association, governmental entity, or other organization.

12. **"Identify"** when used with respect to a **person** means to state the person's full name, last known home and business address, telephone number, employer, and job title; when used with respect to a **document** means to state its date, author(s), recipient(s), type, subject matter, present custodian, and Bates number (if produced); and when used with respect to a **communication** means to state its date, form, participants, and substance.

13. **"Relating to," "regarding," or "concerning"** means, in whole or in part, referring to, alluding to, responding to, connected with, commenting on, in respect of, about, discussing, showing, describing, mentioning, reflecting, analyzing, or constituting.

14. **"And"** and **"or"** have both conjunctive and disjunctive meanings and therefore should be read as **"and/or."** Similarly, **"any," "each"** and **"every"** are used in the inclusive sense and therefore should be read as meaning **"each and every."**

15. The singular form of a noun or pronoun shall include within its meaning the plural form of the noun or pronoun and vice versa; the masculine form of a pronoun shall include within

its meaning the feminine form of the pronoun, and vice versa; and the use of any tense of any verb shall include within its meaning all other tenses of the verb.

---

## INSTRUCTIONS

1. These Interrogatories and Requests are continuing in nature. If, after responding, You obtain or become aware of any further information or documents responsive to these requests, You must supplement Your responses promptly pursuant to Fed. R. Civ. P. 26(e).

2. Each Request contained herein extends to all documents in Defendant's possession, custody or control, or the possession, custody or control of anyone acting on Defendant's behalf, including representatives, agents, counsel, investigators, consultants or employees. A document is deemed to be in Defendant's possession, custody, or control (a) if it is in his physical custody, or (b) if it is in the physical custody of any other person and Defendant (i) owns such document in whole or in part, (ii) has a right, by contract, statute or otherwise, to use, inspect, examine or copy such document on any terms, or (iii) has an understanding, express or implied, that it may use, inspect, examine or copy such document when it seeks to do so.

3. In answering these Interrogatories and Requests, furnish all information known by or available to you. If any of these Interrogatories or Requests cannot be answered in full, they should be answered to the extent possible.

4. If you object to any part of an Interrogatory or Request, state the objection with specificity and respond to the remaining portion.

5. If You withhold any responsive document or information on a claim of privilege or protection, provide a privilege log identifying the document by date, author, recipients, general subject matter, and the specific privilege or protection asserted, sufficient to enable Plaintiff to assess the claim under Fed. R. Civ. P. 26(b)(5).

6. Produce documents as they are kept in the ordinary course of business, or organized and labeled to correspond to the categories requested. Produce ESI in its native format with all metadata intact, unless the parties otherwise agree.

7. Unless otherwise specified, the relevant time period for these requests is **January 1, 2016 through the present.**

8. If any responsive document was but is no longer in Your possession, custody, or control, or is no longer in existence, identify the document, state its disposition, and identify all persons with knowledge of its contents and disposition.

---

## INTERROGATORIES

**Interrogatory No. 1:** Identify each and every person who participated in, was consulted regarding, provided input into, recommended, reviewed, approved, or otherwise had any involvement in the decision to place Plaintiff on administrative leave on or about February 24, 2022, and the decision to terminate Plaintiff's employment on or about July 19, 2022, and for each person, state the nature and extent of their involvement.

**Interrogatory No. 2:** State separately and in complete detail each and every reason for the decision to terminate Plaintiff's employment, and for each reason, identify all facts, documents, and persons with knowledge supporting that reason.

**Interrogatory No. 3:** For each decision-maker identified in response to Interrogatory No. 1 (including but not limited to Dr. Michael Ratcliff and Peter Capizzi), state when and how that person first became aware of each of Plaintiff's Protected Disclosures, including her reports concerning Jennifer Houston, her reports concerning canine welfare and canine deaths, her participation in OIG investigations or interviews, and her communications with or testimony to the Virginia DHP and BVM.

**<u>Interrogatory No. 4</u>:** Describe in complete detail the forensic and/or IT investigation(s) MSA conducted regarding Plaintiff's access to, downloading of, or transmission of documents (including the alleged download of sixteen (16) ClioPro files on or about January 12, 2022, the alleged deletion of internet browser history on or about January 13, 2022, and the alleged deletion of emails between December 14, 2021 and February 3, 2022), including the identity of each person who conducted or directed the investigation, the dates performed, the tools and methodology used, the systems and accounts examined, and each finding reached.

**<u>Interrogatory No. 5</u>:** Identify each and every other MSA employee, contractor, or agent who, at any time from 2016 to the present, accessed, downloaded, printed, copied, transmitted to a personal email account, or removed from MSA systems any document belonging to or generated under the Contract or otherwise deemed government-owned or confidential, and for each such person, state whether they were disciplined or terminated and describe in detail any discipline imposed.

**<u>Interrogatory No. 6</u>:** Identify each policy, agreement, contractual provision, rule, or regulation that MSA contends Plaintiff violated as a basis for any Adverse Action, and for each, quote or specifically identify the provision at issue, state the date the policy took effect, and describe how Plaintiff allegedly violated it.

**<u>Interrogatory No. 7</u>:** Describe in complete detail all complaints, reports, incident reports, memoranda for the record, disciplinary actions, performance concerns, or investigations concerning Jennifer Houston from 2016 to the present, including those relating to alleged tardiness, absences, on-duty intoxication or impairment, professional errors, the loss or suspension of her veterinary technician license, and her continued employment or duties following any such loss or suspension.

**<u>Interrogatory No. 8</u>:** State the factual and evidentiary basis for MSA's contention or affirmative

defense that it would have taken the same Adverse Actions against Plaintiff in the absence of any Protected Disclosure, identifying all facts, documents, and witnesses You contend establish that defense by clear and convincing evidence.

**Interrogatory No. 9:** Identify all Communications between MSA and any representative of the U.S. Department of State (including but not limited to Joshua Carter), the DOS OIG, the Virginia DHP, or the Virginia BVM concerning Plaintiff, her Protected Disclosures, her handling of documents, her administrative leave, or her termination, stating for each the date, participants, and substance.

**Interrogatory No. 10:** Identify each person whom You believe to have knowledge of any fact relevant to the claims or defenses in this action, describing the subject matter of each person's knowledge; identify each person You expect to call as a witness (fact or expert) at trial; and state whether You contend Plaintiff failed to mitigate her damages, identifying all facts supporting that contention.

**Interrogatory No. 11:** For each individual identified as a comparator termination in Michael Ratcliff's November 15, 2023, declaration, identify:

a. investigation conducted;

b. rule violated;

c. discipline imposed; and

d. final decision-maker.

**Interrogatory No. 12:** Identify each and every person who possessed authority to discipline Jennifer Houston from 2016 through 2022.

---

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**Request No. 1:** Plaintiff's complete personnel file, in its entirety, including all documents

maintained in any physical, electronic, HR, payroll, benefits, medical, or supervisory file relating to Plaintiff’s employment.

**Request No. 2:** All documents and communications relating to the decision to place Plaintiff on administrative leave on or about February 24, 2022, including all drafts, notes, recommendations, approvals, and the administrative leave letter itself.

**Request No. 3:** All documents and communications relating to the decision to terminate Plaintiff's employment on or about July 19, 2022, including all drafts of the termination letter, the final termination letter, Dr. Ratcliff's July 15, 2022 termination recommendation, and any approval by Peter Capizzi.

**Request No. 4:** All internal communications among MSA personnel (including but not limited to Dr. Michael Ratcliff, Peter Capizzi, Alan Bower, Christine Miller, Dr. Patricia Rockstroh, and outside counsel Daniel Ward and Ryan Berry) concerning Plaintiff, her Protected Disclosures, her document handling, her administrative leave, or her termination.

**Request No. 5:** All reports, findings, work papers, and communications relating to any forensic or IT investigation of Plaintiff's computer use, email accounts, browser history, or ClioPro access, including the investigation referenced in the Declarations of Alan Bower, Michael Ratcliff, and Peter Capizzi.

**Request No. 6:** All ClioPro access logs, audit trails, and system records reflecting access to, downloading of, or modification of records by Plaintiff and by any other user, from January 1, 2021 through July 19, 2022, including records for the sixteen (16) files MSA alleges Plaintiff downloaded on or about January 12, 2022.

**Request No. 7:** True and complete copies of the sixteen (16) ClioPro files and any "Encounter Notes" that MSA alleges Plaintiff improperly accessed, downloaded, or transmitted.

**Request No. 8**: A true and complete copy of the Contract (Contract No. SAQMMA16D0106), including all task orders, modifications, and amendments, and specifically including Section H and clauses H-9 and H-13 and any provisions relating to safeguarding of information or government property, and FAR clauses 3.909-2 and 52.203-19.

**Request No. 9**: All confidentiality, non-disclosure, invention-assignment, and non-solicitation agreements signed by Plaintiff, including the Employee Confidentiality, Invention Assignment and Non-Solicitation Agreement signed in 2016 and any 2018 modification.

**Request No. 10**: All versions of the MSA Code of Conduct, non-retaliation policy, and whistleblower policy in effect at any time from 2016 to the present, including the version dated April 16, 2021.

**Request No. 11**: All MSA policies, procedures, and guidelines in effect from 2016 to the present relating to document retention, data security, computer and email use, handling of government-owned or confidential information, and reporting of fraud, waste, or abuse.

**Request No. 12**: All incident reports, memoranda for the record, emails, or other documents authored or submitted by Plaintiff concerning Jennifer Houston, canine welfare, canine deaths, controlled substances, or any other matter she reported to MSA management.

**Request No. 13**: The complete personnel and disciplinary file for Jennifer Houston, and all documents concerning her alleged on-duty intoxication or impairment, her performance, the suspension or loss of her veterinary technician license, and her duties and role at the Facility before and after any such loss or suspension.

**Request No. 14**: All organizational charts, delegation memoranda, position descriptions, supervisory assignments, and other documents identifying persons with authority to investigate, counsel, discipline, suspend, or terminate Jennifer Houston from 2016 through 2022.

**Request No. 15**: All documents concerning any other MSA employee, contractor, or agent who accessed, downloaded, transmitted to a personal account, or removed government-owned or confidential documents, and any discipline imposed (or not imposed) on such person, sufficient to permit comparison to the treatment of Plaintiff.

**Request No. 16**: All communications between MSA and any representative of the U.S. Department of State, including Joshua Carter, concerning Plaintiff, her Protected Disclosures, her document handling, or her termination.

**Request No. 17**: All communications between MSA (or its counsel) and the DOS OIG concerning Plaintiff or any investigation in which Plaintiff participated, including the correspondence from Ryan C. Berry to the OIG dated May 29, 2023 and June 14, 2023.

**Request No. 18**: All communications between MSA and the Virginia DHP or Virginia BVM concerning Plaintiff, Jennifer Houston, or the deaths of any canines (including canines "Cezar" and "Mensy"), including the DHP complaint letter received on or about February 7, 2022.

**Request No. 19**: All performance evaluations, reviews, self-assessments, disciplinary records, counseling records, and commendations concerning Plaintiff from 2016 to the present, including the August 2019 counseling relating to the microchip scanner and the 2018, 2019, and 2020 evaluations.

**Request No. 20**: All documents concerning the August 6, 2021 incident involving canine "Cezar" and concerning the euthanasia and cremation of canine "Mensy," including medical records, necropsy records or cancellations, cremation records, incident reports, and related communications.

**Request No. 21**: All documents supporting each affirmative defense asserted by MSA in this action, including all documents MSA contends establish that it would have taken the same actions

against Plaintiff absent any Protected Disclosure, and all organizational charts and reporting structures for the Facility from 2016 to the present.

**Request No. 22:** All documents referring or relating to the salary, wages, bonuses, and employee benefits available to Plaintiff as an employee (or available to her position once she was terminated) from 2016-2022 including any medical insurance, dental insurance, health insurance, life insurance, bonuses, family leave, sick leave, or the like and any documents referring or relating to the economic value of such benefits.

Respectfully submitted,

Dated: July 10, 2026

/s/ *Stephani L. Ayers*

Stephani L. Ayers, *pro hac vice*
Government Accountability Project
1612 K Street, N.W., Suite 808
Washington, D.C. 20006
(813) 382-7865
stephania@whistleblower.org

Joshua Erlich (VA Bar No. 81298)
The Erlich Law Office, PLLC
1550 Wilson Blvd, Ste. 700
Arlington, VA 22209
(703) 791-9087
jerlich@erlichlawoffice.com

*Attorneys for Dr. Olech*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 10 day of July, 2026, a true and correct copy of the foregoing Plaintiff's First Set of Interrogatories and First Requests for Production of Documents was served upon counsel for Defendant MSA via electronic mail as follows:

Daniel S. Ward
Ryan Berry
Paxton Oullette
WARD & BERRY, PLLC
1751 Pinnacle Drive, Suite 900
Tysons, Virginia 22102
(202) 331-8160
dan@wardberry.com
ryan@wardberry.com
pouellette@wardberry.com

*Attorneys for Defendant*

/s/ *Stephani L. Ayers*